**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 28th day of May, 2014.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:

**JAMES E. KILEY, JR.,**   Case No. 12-21669
      **Debtor.**

---

**CAROL W. LORD,**
      **Plaintiff,**

    v.   Adv. No. 12-6114

**KATHLEEN A. QUINN,**
**as Administrator C.T.A. of the**
**JAMES E. KILEY, JR., Estate,**
      **Defendant.**

---

### MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND GRANTING DEFENDANT'S MOTION TO DISMISS

Creditor/Plaintiff Carol W. Lord ("Plaintiff") filed this adversary proceeding against Debtor/Defendant James E. Kiley, Jr. ("Debtor"), seeking a determination of nondischargeability of Debtor's debt to Plaintiff under 11 U.S.C. § 523(a)(6),[1] which bars discharge of debts

---

[1] All statutory references are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532, unless

14.05.28 Kiley Order re MSJ & MTD.wpd

resulting from willful and malicious injuries.[2]  Pursuant to Plaintiff's motion, and in light of Debtor's death, the Court has substituted Kathleen A. Quinn as Administrator C.T.A of the James E. Kiley, Jr., Estate in this action in place of Debtor Kiley.[3]  Plaintiff has moved for summary judgment,[4] and Debtor has filed a motion to dismiss or, in the alternative, a cross-motion for summary judgment.[5]  The motions are fully briefed, and the Court is prepared to rule.  Because Plaintiff failed to provide any statutory basis for her argument that this debt is nondischargeable, the Court grants Debtor's motion to dismiss.  This determination renders both motions for summary judgment moot, and the Court denies those motions.

I.     **Legal Standard**

Debtor moves for dismissal under Federal Rules of Civil Procedure 12(b)(6) and (b)(1).[6]  Rule 12(b)(6) provides a vehicle for a party to challenge the legal sufficiency of a claim.  The requirements for a legally sufficient claim stem from Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."[7]  To survive a motion to dismiss, a complaint must present factual allegations, that when assumed to be true, "raise a right to relief above the speculative level,"[8] and the complaint must contain "enough facts to state a

---

otherwise specifically noted.

[2] Plaintiff appears *pro se*.  Defendant Kathleen A. Quinn, as Administrator C.T.A. for the James E. Kiley, Jr., Estate, appears by Jay T. Grodsky, Leawood, KS.

[3] Doc. 41.  This order will continue to refer to the Debtor simply as Debtor, because the Court is ruling on motions filed before Debtor Kiley's death.

[4] Doc. 22.

[5] Docs. 26, 27, and 29.

[6] These rules apply to adversary proceedings under Federal Rules of Bankruptcy Procedure 7012.  All references to Rules herein, without more, are to the Federal Rules of Civil Procedure.

[7] FED. R. CIV. P. 8(a).  Rule 8(a) applies to adversary proceedings under Federal Rule of Bankruptcy Procedure 7008.

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

14.05.28 Kiley Order re MSJ & MTD.wpd

claim to relief that is plausible on its face."[9]

A Rule 12(b)(1) motion allows a defendant to seek dismissal for lack of subject matter jurisdiction; the plaintiff must carry the burden of proving jurisdiction.[10] In deciding a Rule 12(b)(1) motion, the court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.[11] Debtor here limits his motion to a facial challenge to the sufficiency of Plaintiff's complaint. On such motions, the court accepts the well-pleaded material allegations as true and construes them to favor the plaintiff.[12] Finally, as a general matter, challenges to jurisdiction should be addressed as motions to dismiss and cannot serve as the basis for deciding a summary judgment motion.[13]

### III. Factual Allegations

Because the Court decides this matter on Debtor's motion to dismiss, the Court takes as true the factual allegations presented in the complaint,[14] as modified and developed in Plaintiff's response to Debtor's motion to dismiss.[15] The Court also notes that facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss

---

[9] *Id*. at 570.

[10] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[11] *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

[12] *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

[13] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317-1318 (10th Cir. 2005) (noting that "the general rule is that it is improper for a district court to enter judgment under Rule 56 for defendant because of a lack of jurisdiction") (internal quotation marks omitted) (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2713, at 235 [238-39] (3d ed. 1998)).

[14] *Twombly*, 550 U.S. at 555.

[15] *Carson v. Cudd Pressure Control, Inc*, 299 F. App'x 845, 848 (10th Cir. 2008) (considering the complaint in conjunction with the response to determine whether a plaintiff successfully stated a claim).

into a motion for summary judgment.[16] This allows the court to "take judicial notice of its own files and records, as well as facts which are a matter of public record."[17] In this case, the Court takes judicial notice of the state administrative agency and state court documents attached to the complaint.[18] The Court does so without converting the motion to dismiss into a motion for summary judgment.[19]

Debtor was the sole member and managing attorney of The Kiley Law Firm, LLC, and Plaintiff was an employee at the firm. Debtor failed to pay Plaintiff according to her contract, and in November 2007, Plaintiff filed a "Claim for Wages" with the Kansas Department of Labor. In October 2008, the Department of Labor hearing officer found that Debtor and The Kiley Law Firm were jointly and severally liable for the unpaid wages and pre-judgment interest for a total of $54,427.62, plus a penalty for willful failure to pay in the amount of $44,514.97.[20] Debtor filed a Petition for Review of the Initial Order with the Secretary of the Department of Labor, who denied the petition, finding that the hearing officer properly interpreted and applied the law and that the hearing officer's findings of fact were supported by a preponderance of substantial, competent evidence.[21] Debtor filed a Petition for Judicial Review with the District

---

[16] *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006).

[17] *Id.* (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

[18] *Pace v. Swerdlow,* 519 F.3d 1067, 1072-73 (10th Cir. 2008); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citations omitted).

[19] *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment); *Turner v. City of Tulsa*, 525 F. App'x 771, 773 (10th Cir. 2013) (same).

[20] Exhibit 4, Doc. 1-4, at 17.

[21] Exhibit 5, Doc. 1-5, at 4.

14.05.28 Kiley Order re MSJ & MTD.wpd

Court of Shawnee County, Kansas; the court denied the petition.[22] Debtor appealed the decision, and in July 2011, the Kansas Court of Appeals affirmed in part and reversed in part.[23] Specifically, the court affirmed the Shawnee District Court decision upholding the October 1, 2008, Initial Order finding that Debtor and his firm were jointly and severally liable for the unpaid wages plus interest, but found "no evidence of intent to do wrong or cause injury to another,"[24] and so held "the agency's decision to award the civil penalty under K.S.A. 44-315(b) [for willfulness] was not supported by substantial competent evidence and, therefore, must be reversed."[25] Debtor sought review of the portion of the decision affirming the award for unpaid wages to the Kansas Supreme Court, but the Court denied the petition for review. Plaintiff did not appeal the portion of the decision rejecting the DOL's willfulness determination. Plaintiff alleges that Debtor used firm funds to work on cases for personal friends, when he should have used those funds to pay her. Plaintiff alleges that Debtor certainly knew his actions would have a potentially devastating economic impact upon Plaintiff and that his actions were driven by his desire for the intentional infliction of emotional distress. Plaintiff alleges that she was damaged economically, professionally and emotionally as a result of Debtor's conduct.

On June 19, 2012, Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. Plaintiff filed this adversary case seeking to have the debt owed to her declared nondischargeable.

## IV. Analysis

### 1. Jurisdiction

An adversary proceeding to determine the dischargeability of particular debts is a core

---

[22] Exhibit 7, *Id.* at 19.

[23] Exhibit 8, Doc 1-6, at 2.

[24] *Id.* at 17.

[25] *Id.*

proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court may exercise subject matter jurisdiction.[26]

Under Rule 12(b)(1), Debtor argues that this Court lacks jurisdiction over Plaintiff's complaint under the *Rooker-Feldman* doctrine.[27] The Tenth Circuit examined the *Rooker-Feldman* doctrine in *Tal v. Hogan*:

> Pursuant to 28 U.S.C. § 1257(a), federal review of state court judgments can be obtained only in the United States Supreme Court. The *Rooker-Feldman* doctrine precludes cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Thus, the *Rooker–Feldman* doctrine prevents a party losing in state court from seeking what in substance would be appellate review of a state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.[28]

Here, Plaintiff was the losing party in the sense that Plaintiff appears to rely on the Department of Labor's willfulness findings, which were overturned by the appellate court. But Plaintiff is not claiming that the state court judgment itself violated her federal rights or that the state court judgment caused her any injury. Because she does not make these claims, the *Rooker-Feldman* doctrine does not apply, and this Court has jurisdiction to reach the merits of the motion to dismiss.

### 2. Plaintiff's Claim

Before assessing Debtor's *res judicata* and collateral estoppel arguments, the Court must determine the nature of Plaintiff's claims. When a plaintiff is proceeding *pro se*, the Court will

---

[26] 28 U.S.C. § 157(b)(1) and § 1334(b).

[27] The *Rooker-Feldman* doctrine is jurisdictional. *Worthington v. Anderson*, 386 F.3d 1314, 1318 (10th Cir. 2004). To the extent that Debtor argues that the Court lacks jurisdiction under *res judicata* or collateral estoppel, the Court notes that these doctrines are non-jurisdictional. *Franklin Sav. Corp. v. United States* (*In re Franklin Sav. Corp.*), 385 F.3d 1279, 1286 (10th Cir. 2004); *Rekhi v. Wildwood Indus., Inc.,* 61 F.3d 1313, 1317 (7th Cir. 1995).

[28] 453 F.3d at 1255-56 (internal citations, quotation marks, and alterations omitted).

construe the plaintiff's pleadings liberally.[29] Thus, if a plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[30] However, it is not "the proper function of the . . . court to assume the role of advocate for the pro se litigant."[31] For that reason, the court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[32] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[33] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[34]

This Court's review of the initial complaint suggests that Plaintiff attempts to rely on the factual findings from her state court case to sustain her burden of showing the willfulness necessary to support a nondischargeability determination under 11 U.S.C. § 523 (a)(6). But those findings were struck down by the appellate court. In her response, Plaintiff appears to back away from the willfulness argument. Instead, she relies on the argument that "the Kansas Supreme Court's affirmation of the Appellate Court's decision that Plaintiff Lord has an '*absolute right* to the benefit and no condition subsequent can impose a forfeiture of that benefit.'"[35] Plaintiff argues that "[t]he debt owed to Plaintiff is not merely an unpaid wage

---

[29] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[30] *Id.*

[31] *Id.*

[32] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[33] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[34] *Hall*, 935 F.2d at 1110 (citation omitted).

[35] Doc. 31, at 2 (italics added).

14.05.28 Kiley Order re MSJ & MTD.wpd

amount Plaintiff claims is owed to her. It is a judgment granted to her by the Kansas Appellate Court and affirmed by the Kansas Supreme Court."[36] This reading of the Plaintiff's argument, that Plaintiff is relying on the existence of a judgment against Debtor as the basis for nondischargeability, is asserted throughout her response. She states repeatedly that she is not attempting to relitigate the Kansas Court of Appeals decision and that "the issue of non-payment of [this] judgment . . . for payment of wages has never been litigated."[37] But there is no statutory basis for holding that any debt, when reduced to a judgment, cannot be discharged.

The Bankruptcy Code seeks to provide "a 'fresh start' for the honest but unfortunate debtor."[38] However, the Bankruptcy Code does not provide a blanket fresh start for all debtors under all circumstances. Bankruptcy Code § 523 provides a list of debts that are nondischargeable, and the burden of proof rests with the party opposing the discharge;[39] generally, all other debts are dischargeable.[40] Discharge provisions are strictly construed against the creditor,[41] and, because of the fresh start objectives of bankruptcy, doubt is to be resolved in the favor of debtors.[42] A judgment for the creditor alone is not enough to make a debt nondischargeable; the character of the liability, for purposes of describing exceptions to

---

[36] *Id.*

[37] *Id.* at 3.

[38] *Educ. Credit Mgmt. Corp. v. Polleys* (*In re Polleys*), 356 F.3d 1302, 1308 (10th Cir. 2004) (citations omitted).

[39] *Grogan v. Garner*, 498 U.S. 279 (1991).

[40] There are debts that may be excluded from discharge in bankruptcy that are not set out in the Code, such as debts for HEAL student loans. See 42 U.S.C. § 292f(g). However, the less stringent § 523(a)(8) undue hardship test may apply to a second bankruptcy discharge. DEANNE LOONIN & GEOFF WALSH, NATIONAL CONSUMER BANKRUPTCY LAW CENTER, STUDENT LOAN LAW § 10.6, at 202 n.196 (4th Ed. 2010).

[41] 4 COLLIER ON BANKRUPTCY ¶ 523.05, at 523-21. (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).

[42] *Mathai v. Warren* (*In re Warren*), 512 F.3d 1241, 1248 (10th Cir. 2008).

discharge, is not changed by the fact that the liability has been reduced to judgment.[43] Because Plaintiff does not assert another basis for her nondischargeability argument, her complaint fails to state a claim upon which relief may be granted.

### 3. Collateral Estoppel

Even if the Court were to construe Plaintiff's complaint and response as relying on the factual findings from the state court proceedings, or even on the events underlying the state court proceedings, to show willfulness under § 523(a)(6), Plaintiff would still fail to state a claim because her claim would be barred by collateral estoppel.[44] "The doctrine of collateral estoppel (issue preclusion) applies in discharge litigation under § 523."[45] The Tenth Circuit BAP explained collateral estoppel in *Hill v. Putvin (In re Putvin)*:

> Collateral estoppel or issue preclusion is a doctrine that prohibits the relitigation between the same parties of issues of ultimate fact that have been determined by a valid and final judgment. The purpose of the collateral estoppel doctrine is to protect parties from multiple lawsuits, prevent the possibility of inconsistent decisions, and conserve judicial resources.
>
> In bankruptcy court the collateral estoppel doctrine may apply in determining the dischargeability of a debt. When a federal court reviews the preclusive effect of a state court judgment under the collateral estoppel doctrine, it is guided by the mandates of the Full Faith and Credit Act, 28 U.S.C. § 1738, which codifies the Full Faith and Credit Clause of the Constitution, Art. IV, § 1. The Full Faith and Credit Act directs a federal court to look to the preclusion law of the state in which the judgment was rendered. It requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give. While ultimately, a bankruptcy judge determines whether a debt is nondischargeable under § 523, a state court judgment may preclude the relitigation of settled facts under the collateral estoppel doctrine.[46]

---

[43] *Peters v. United States ex rel. Kelley*, 177 F. 885, 887 (7th Cir. 1910).

[44] *Sierra Club v. Two Elk Generation Partners, Ltd.,* 646 F.3d 1258, 1264 (10th Cir. 2011) (holding that "judicial affirmance of an administrative determination is entitled to preclusive effect") (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480 n.21 (2011)).

[45] *Calvin Opp Concrete, Inc., v. Davis* (*In re Davis*), Case No. 12-11958, Adv. 12-5159, 2013 WL 3776363, at *3 (Bankr. D. Kan. July 15, 2013); *see also Brown v. Felsen,* 442 U.S. 127 (1979).

[46] 332 B.R. 619, 624-25 (B.A.P. 10th Cir. 2005) (footnotes omitted) (internal quotation marks omitted).

- 9 -

14.05.28 Kiley Order re MSJ & MTD.wpd

Case 12-06114    Doc# 47    Filed 05/28/14    Page 9 of 11

Here, the Court applies Kansas collateral estoppel law.

> In Kansas, collateral estoppel operates to preclude the relitigation of issues that were actually decided in a prior proceeding. The elements of collateral estoppel stated by the Kansas Supreme Court are: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts; . . . (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment.[47]

The first and second elements are clearly met; the parties are the same and neither party has argued that the prior judgment was not a judgment on the merits. The third element is a closer question and requires examination of willfulness under the Kansas Wage Payment Act[48] and § 523(a)(6).

To find a debt nondischargeable under § 523(a)(6), a court must find that the debt was for a willful and malicious injury by the debtor. "Willful and malicious" requires proof both that the injury was willful and that it was malicious.[49] The Supreme Court has explained, "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[50] The malicious element requires proof that "the debtor either intend the resulting injury or intentionally take action that is substantially certain to cause the injury."[51]

In its decision in this case, the Kansas Court of Appeals explained the willfulness standard it applied under the Kansas Wage Payment Act. "A willful act is one indicating a

---

[47] *In re Davis*, 2013 WL 3776363, at *3 (footnotes omitted) (internal quotation marks omitted).

[48] K.S.A. § 44-312 to § 44-327.

[49] *Mitsubishi Motors Credit of Amer. v. Longley* (*In re Longley*), 235 B.R. 651, 655 (B.A.P. 10th Cir. 1999).

[50] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (italics in original).

[51] *Panalis v. Moore* (*In re Moore*), 357 F.3d 1125, 1129 (10th Cir. 2004) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

- 10 -
14.05.28 Kiley Order re MSJ & MTD.wpd

Case 12-06114   Doc# 47   Filed 05/28/14   Page 10 of 11

design, purpose, or intent on the part of a person to do wrong or to cause an injury to another."[52] This definition is not co-extensive with the definition of willfulness under § 523(a)(6) because it includes acts that are merely wrong, but that do not necessarily involve an intentional injury. Also, the Kansas definition is more inclusive than the definition under § 523(a)(6), such that if an act is not willful under the Kansas Wage Payment Act, it cannot be willful under § 523(a)(6). The appellate court's determination that the record showed "no evidence of intent to do wrong or cause injury to another"[53] was necessary to that court's judgment. Thus, because all three elements of collateral estoppel under Kansas law are met, the doctrine precludes the re-litigation of the willfulness question in this Court. And because Plaintiff is barred from re-litigating this question, her complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6).

## V.   Conclusion

Debtor's motion to dismiss is granted. Plaintiff's motion for summary judgment and Debtor's cross-motion for summary judgment are both denied as moot. It is further ordered that the foregoing constitutes findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Fed. R. Bankr. P. 9021 and Fed. R. Civ. P. 58.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[52] Exhibit 8, Doc. 1-6, at 14 (quoting *Holder v. Kansas Steel Built, Inc.*, 224 Kan. 406, 411 (1978)).

[53] *Id.* at 17.